IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKI DOWLING, Individually and on Behalf of the ESTATE OF WILLIAM DOWLING, DECEASED and as Next Friend of F.D. and FORREST DOWLING, FAITH DOWLING, RICK DOWLING, and MARY DOWLING,<br><br>　　Plaintiffs,<br><br>v.<br><br>MOTOROLA SOLUTIONS, INC.,<br><br>　　Defendant. | § § § § § § § § § § § § § § § § | Civil Action No. _____<br><br>Jury Requested |

**Defendant Motorola's Notice of Removal**

Defendant Motorola Solutions, Inc., files this Notice of Removal and respectfully shows the Court the following:

**Compliance with Local Rules**

1.　Pursuant to Rule 81 of the Local Rules, Motorola provides the following index of matters being filed.  Motorola has filed its answer in state court but was not served with process.  Accordingly, Motorola cannot—and therefore does not—attach executed process as part of this index.

| Exhibit A: | Civil Cover Sheet |
|---|---|
| Exhibit B: | Plaintiffs' Original Petition |
| Exhibit C: | Exhibit 1 to Plaintiffs' Original Petition |
| Exhibit D: | Exhibit 2 to Plaintiffs' Original Petition |

| **Exhibit E:** | Exhibit 3 to Plaintiffs' Original Petition |
|---|---|
| **Exhibit F:** | Exhibit 4 to Plaintiffs' Original Petition |
| **Exhibit G:** | Civil Case Information Sheet |
| **Exhibit H:** | Request for Issuance of Service |
| **Exhibit I** | Defendant Motorola's Original Answer |
| **Exhibit J:** | State Court Docket Sheet |
| **Exhibit K:** | List of all Counsel of Record |

## Overview of the Lawsuit

2.  Motorola removes the state court action styled *Jacki Dowling, Individually and on Behalf of the Estate of William Dowling, Deceased and as Next Friend of F.D. and Forrest Dowling, Faith Dowling, Rick Dowling and Mary Dowling v. Motorola Solutions, Inc.*, Civil Action No. 2019-12251, in the 125th Judicial District Court of Harris County, Texas.

3.  This February 18, 2019 lawsuit arises out of injuries Plaintiffs allege firefighter William Dowling sustained in a May 31, 2013 fire. Plaintiffs allege Dowling's injuries were caused by digital radios and a radio system supplied by Motorola. *See* Petition, Ex. B, at, *e.g.*, ¶¶ 4.2, 4.5. Counsel for Plaintiffs previously filed a related case in this Court on behalf of other plaintiffs, *Sabina Bebee, et al. v. Motorola Solutions, Inc., et al.*, Civil Action No. 4:16-cv-00763, assigned to Judge Melinda Harmon.

## Grounds for Removal

4.  Motorola removes this action pursuant to 28 U.S.C. § 1441(a).

5. This Court has jurisdiction based on 28 U.S.C. § 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

**A.   Amount in Controversy**

6. Plaintiffs state in their Original Petition, "[a]ll wrongful death beneficiaries" in this suit seek "damages, both compensatory and punitive, from Motorola totaling in aggregate in excess of $25,000,000.00, plus additional punitive damages within the sound discretion of the court and/or jury." Ex. B, ¶ 4.10. Plaintiffs further state, "[t]he survival claims of Captain Dowling seek compensatory damages against Motorola totaling more than $20,000,000.00, plus additional punitive damages within the sound discretion of the court and/or jury." *Id.* at ¶ 4.10. As such, the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1446(c)(2).

**B.   Diversity of Citizenship**

7. Plaintiffs allege they are Texas residents. Ex. B, ¶ 3.1.

8. Defendant Motorola is a Delaware corporation with its principal place of business in Illinois.

9. Complete diversity of citizenship has existed from the time Plaintiffs filed the underlying state court action on February 18, 2019, until now.

**Procedural Requirements of Removal**

**A.   Timeliness**

10. Motorola has not been served with process in this lawsuit, but it has filed its answer in state court. *See* Defendant Motorola's Original Answer, Ex. I. Accordingly, this

Notice of Removal, filed immediately after Motorola filed its state court answer, is timely. *See* TEX. R. CIV. P. 121 ("An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him."). *See also Davis v. Cash*, No. 3:01-CV-1037-H, 2001 U.S. Dist. LEXIS 15546, at *5-8 (N.D. Tex. Sept. 27, 2001) (removal was proper where defendant had answered in state court, and therefore was considered served, despite no formal service of process on defendant).

**B.     Venue**

11.     Venue is proper in this Court for purposes of removal. Plaintiffs brought this action in the 125th Judicial District Court of Harris County, Texas—located within the Southern District of Texas, Houston Division. 28 U.S.C. § 124(b)(2). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**C.     Compliance with Notice and Filing Requirements**

12.     Pursuant to 28 U.S.C. § 1446(d), Motorola will promptly give written notice of the filing of this Notice to Plaintiffs through their attorney of record. And Motorola will promptly file a copy of this Notice of Removal with the clerk for the 125th Judicial District Court of Harris County, Texas.

13.     Motorola attaches as exhibits to this Notice copies of all pleadings and orders from the state court, as required by 28 U.S.C. § 1446(a). There is no process to attach, as Motorola has not been served with process in this case.

-5-

**D.     Consent to Removal**

14.     Because Motorola is the only defendant, consent to removal is not necessary. *Cf.* 28 U.S.C. § 1446(b)(2)(A).

## Jury Demand

15.     Motorola previously demanded a jury trial in accordance with state law and paid the jury fee. *See* Ex I, at ¶ 24. *Cf.* FED. R. CIV. P. 81(c)(3)(A).

## Conclusion

16.     All conditions and procedures for removal have been satisfied. Based on the foregoing, Motorola removes this case to this Court.

Respectfully submitted,


By: */s/ Matthew E. Coveler*
    Matthew E. Coveler
    State Bar No. 24012462
    S.D. No. 24130
Attorney-In-Charge
7500 San Felipe, Suite 500
Houston, TX  77063
Telephone:  (713) 244-0800
Facsimile:  (713) 244-0801
matthew.coveler@wtllaw.com


OF COUNSEL:

WEINSTEIN TIPPETTS & LITTLE LLP
Emily J. Bogenschutz
State Bar No. 24085211
S.D. No. 2015662
emily.bogenschutz@wtllaw.com

***Attorneys for Defendant***
***Motorola Solutions, Inc.***

-7-

## Certificate of Service

This instrument was served on the following counsel in compliance with Rule 5 of the Federal Rules of Civil Procedure via Certified Mail, Return Receipt Requested, on February 21, 2019:

    Benjamin L. Hall, III
    THE HALL LAW GROUP, PLLC
    530 Lovett Blvd.
    Houston, TX  77006
    (713) 942-9566 (fax)
    Bhall@Bhalllawfirm.com
    *Counsel for Plaintiffs*

                                        */s/ Matthew E. Coveler*
                                        Matthew E. Coveler