IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKI DOWLING, Individually and on Behalf of the ESTATE OF WILLIAM DOWLING, DECEASED and as Next Friend of F.D. and FORREST DOWLING, FAITH DOWLING, RICK DOWLING, and MARY DOWLING,<br><br>    Plaintiffs,<br><br>v.<br><br>MOTOROLA SOLUTIONS, INC.,<br><br>    Defendant. | § § § § § § § § § § § § § § § § | Civil Action No. 4:19-cv-00604<br><br>Jury Requested |

**<u>Defendant Motorola's Amended and Supplemental Notice of Removal</u>**

After filing its original notice of removal (ECF No. 1), Defendant Motorola Solutions, Inc., learned Plaintiffs had in fact served Motorola prior to removal. *See* Service of Process, Ex. N. Motorola therefore files this Amended and Supplemental Notice of Removal and respectfully shows the Court the following:

**Compliance with Local Rules**

1. Motorola's February 21, 2019 Notice of Removal (ECF No. 1) states Motorola had not been served at the time of removal. *See* Notice of Removal, ECF No. 1, at ¶ 10. Motorola filed that original notice at 12:54 p.m.

2. Motorola subsequently learned Plaintiffs effectuated service on February 21, 2019, at 10:06 a.m. (prior to Motorola's removal at 12:54 p.m.) by serving Motorola's registered agent for service of process, CT Corporation. *See* Service of Process, Ex. N.

Motorola files this Amended and Supplemental Notice of Removal to clarify that it had been served at the time of removal, and to attach the appropriate service of process as an exhibit as required by Local Rule 81.

3. Pursuant to Rule 81 of the Local Rules, Motorola provides the following index of matters being filed.

| **Exhibit A:** | Civil Cover Sheet |
|---|---|
| **Exhibit B:** | Plaintiffs' Original Petition |
| **Exhibit C:** | Exhibit 1 to Plaintiffs' Original Petition |
| **Exhibit D:** | Exhibit 2 to Plaintiffs' Original Petition |
| **Exhibit E:** | Exhibit 3 to Plaintiffs' Original Petition |
| **Exhibit F:** | Exhibit 4 to Plaintiffs' Original Petition |
| **Exhibit G:** | Civil Case Information Sheet |
| **Exhibit H:** | Request for Issuance of Service |
| **Exhibit I:** | Defendant Motorola's Original Answer |
| **Exhibit J:** | State Court Docket Sheet |
| **Exhibit K:** | List of All Counsel of Record |
| **Exhibit L:** | Letter and Proof of Certified Mail |
| **Exhibit M:** | Notice of Filing Notice of Removal (without exhibits) |
| **Exhibit N:** | Service of Process |

**Overview of the Lawsuit**

4. Motorola removes the state court action styled *Jacki Dowling, Individually and on Behalf of the Estate of William Dowling, Deceased and as Next Friend of F.D. and Forrest Dowling, Faith Dowling, Rick Dowling and Mary Dowling v. Motorola Solutions,*

*Inc.*, Civil Action No. 2019-12251, in the 125th Judicial District Court of Harris County, Texas.

5. This February 18, 2019 lawsuit arises out of injuries Plaintiffs allege firefighter William Dowling sustained in a May 31, 2013 fire. Plaintiffs allege Dowling's injuries were caused by digital radios and a radio system supplied by Motorola. *See* Plaintiffs' Original Petition, Ex. B, at, *e.g.*, ¶¶ 4.2, 4.5. Counsel for Plaintiffs previously filed a related case in this Court on behalf of other plaintiffs, *Sabina Bebee, et al. v. Motorola Solutions, Inc., et al.*, Civil Action No. 4:16-cv-00763, assigned to Judge Melinda Harmon.

## Grounds for Removal

6. Motorola removes this action pursuant to 28 U.S.C. § 1441(a).

7. This Court has jurisdiction based on 28 U.S.C. § 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

**A. Amount in Controversy**

8. Plaintiffs state in their Original Petition, "[a]ll wrongful death beneficiaries" in this suit seek "damages, both compensatory and punitive, from Motorola totaling in aggregate in excess of $25,000,000.00, plus additional punitive damages within the sound discretion of the court and/or jury." Plaintiffs' Original Petition, Ex. B, ¶ 4.10. Plaintiffs further state, "[t]he survival claims of Captain Dowling seek compensatory damages against Motorola totaling more than $20,000,000.00, plus additional punitive damages

within the sound discretion of the court and/or jury." *Id.* at ¶ 4.10.  As such, the amount in controversy is greater than $75,000.  *See* 28 U.S.C. § 1446(c)(2).

**B.	Diversity of Citizenship**

9.	Plaintiffs allege they are Texas residents.  Plaintiffs' Original Petition, Ex. B, ¶ 3.1.

10.	Defendant Motorola is a Delaware corporation with its principal place of business in Illinois.

11.	Complete diversity of citizenship has existed from the time Plaintiffs filed the underlying state court action on February 18, 2019, until now.

## Procedural Requirements of Removal

**A.	Timeliness**

12.	Motorola filed its original Notice of Removal on February 21, 2019, after Plaintiffs effectuated service of process on Motorola.  *See* Service of Process, Ex. N.  Motorola filed its Notice of Removal (and now files this Amended and Supplemental Notice of Removal) within 30 days of service.  Therefore, Motorola's removal is timely filed under 28 U.S.C. § 1446(b).

**B.	Venue**

13.	Venue is proper in this Court for purposes of removal.  Plaintiffs brought this action in the 125th Judicial District Court of Harris County, Texas—located within the Southern District of Texas, Houston Division.  28 U.S.C. § 124(b)(2).  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### C.  Compliance with Notice and Filing Requirements

14. Pursuant to 28 U.S.C. § 1446(d), Motorola promptly gave written notice of the filing of its original Notice of Removal to Plaintiffs through their attorney of record. *See* Letter and Proof of Certified Mail, Ex. L. Motorola will provide the same notice to Plaintiffs regarding this Amended and Supplemental Notice of Removal. And Motorola promptly filed a copy of its original Notice of Removal with the clerk for the 125th Judicial District Court of Harris County, Texas. *See* Notice of Filing Notice of Removal, Ex. M.

15. Motorola attaches as exhibits to this Notice copies of all process, pleadings, and orders from the state court, as required by 28 U.S.C. § 1446(a).

### D.  Consent to Removal

16. Because Motorola is the only defendant, consent to removal is not necessary. *Cf.* 28 U.S.C. § 1446(b)(2)(A).

### Jury Demand

17. Motorola previously demanded a jury trial in accordance with state law and paid the jury fee. *See* Defendant Motorola's Original Answer, Ex I, at ¶ 24. *Cf.* FED. R. CIV. P. 81(c)(3)(A).

### Conclusion

18. All conditions and procedures for removal have been satisfied. Based on the foregoing, Motorola removes this case to this Court.

                          Respectfully submitted,


                          By: */s/ Matthew E. Coveler*
                                Matthew E. Coveler
                                State Bar No. 24012462
                                S.D. No. 24130
                          Attorney-In-Charge
                          7500 San Felipe, Suite 500
                          Houston, TX  77063
                          Telephone:  (713) 244-0800
                          Facsimile:  (713) 244-0801
                          matthew.coveler@wtllaw.com


OF COUNSEL:

WEINSTEIN TIPPETTS & LITTLE LLP
Emily J. Bogenschutz
State Bar No. 24085211
S.D. No. 2015662
emily.bogenschutz@wtllaw.com

***Attorneys for Defendant***
***Motorola Solutions, Inc.***

## Certificate of Service

This instrument was served on the following counsel in compliance with Rule 5 of the Federal Rules of Civil Procedure via Certified Mail, Return Receipt Requested, on February 28, 2019:

>Benjamin L. Hall, III
>THE HALL LAW GROUP, PLLC
>530 Lovett Blvd.
>Houston, TX  77006
>(713) 942-9566 (fax)
>Bhall@Bhalllawfirm.com
>*Counsel for Plaintiffs*

>>/s/ Matthew E. Coveler
>>Matthew E. Coveler